**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

**HC CARPENTRY, INC.,**
Plaintiff,

v. 2:26-cv-2476-SPC-NPM
IN ADMIRALTY

**UNKNOWN CLAIMANTS,**
Defendants.

---

**ORDER APPROVING LETTER OF UNDERTAKING AND DIRECTING NOTICE**

Plaintiff[1] HC Carpentry, as the owner of a 2022 30' Crane Barge vessel, Hull ID# FLZGX084F222 and a 2005 19' Carolina Skiff Center Console Model 19DLX, Hull ID# EKHZ4957A405 (the "vessels"), and with respect to any claims against it or Plaintiff's property arising from or related to an March 6, 2026 incident involving the vessels in the vicinity of Alligator Creek in the territorial waters in or near Charlotte County, Florida, have provided a letter of undertaking as interim security for the benefit of claimants. (Doc. 1-4). Upon approval of the security, Plaintiff requests an order approving notice to all potential claimants and directing them to file their claims and any answers to the complaint in this action by a date certain. Plaintiff also requests an injunction that enjoins the further

---

[1] A party seeking exoneration from or limitation of liability in admiralty files a complaint and thereby commences a civil action as a plaintiff. *See* Supplemental Rule F. In orders, notices, pleadings, and other papers in this action, HC Carpentry should therefore be referred to as Plaintiff rather than Petitioner.

prosecution of any action or proceeding against it or Plaintiff's property with respect to any claim subject to limitation in this action. Plaintiff's motion (Doc. 9) is **GRANTED IN PART**.

As security for the benefit of claimants, Plaintiff has deposited with the court a letter of undertaking by Continental Insurance Company, as surety, in the amount of $84,500, with interest at six percent (6%) per annum, as required by the rules of this court and by the law. The letter of undertaking is accepted as interim security for the benefit of claimants. Plaintiff and any claimant who becomes a party to this action may contest the value of the Plaintiff's interest in the vessels or the interim security according to applicable law. If the amount in the letter of undertaking is not contested by any claimant herein, said amount shall stand as a stipulation for value and an appraisal will not be required.

Because the letter of undertaking constitutes approved security, "all claims and proceedings against the owner related to the matter in question shall cease." 46 U.S.C. § 30511(c). If, despite this automatic stay provide by statute, any claimant continues to prosecute any other action or proceeding against Plaintiff or its property with respect to any claim subject to limitation in this action, then Plaintiff may apply for, and the court must grant, an injunction enjoining further prosecution. *See* Supplemental Rule F(3).

By **November 27, 2026**, all persons or entities claiming damage for any and

all loss, destruction, damage, injuries, and/or death allegedly as a result of the occurrences and happenings recited in the complaint must file their respective claims with the clerk of this court and serve on or mail to Plaintiff's counsel copies thereof. By the same date, all persons or entities presenting claims and desiring to contest the allegations of the complaint must file an answer to the complaint in this court and must serve on or mail to Plaintiff's counsel copies thereof or be defaulted. The **clerk** is directed to issue the attached notice.

By **December 28, 2026**, Plaintiff must certify compliance with the notice provisions of Supplemental Rule F(4), which must include notice by publication in a newspaper of general circulation in Lee County. By **December 30, 2026,** Plaintiff must certify compliance with the provisions of Supplemental Rule F(6).

**ORDERED** on October 2, 2026

NICHOLAS P. MIZELL
United States Magistrate Judge